UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DOMINIQUE NELSON,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

**DECISION & ORDER**
18-CV-6111-JWF

---

## Preliminary Statement

Dominique Nelson ("plaintiff" or "Nelson") brings this action pursuant to 42 U.S.C. § 1383(c) of the Social Security Act seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying his application for supplemental security income ("SSI"). See Compl. (Docket # 1). Presently before the Court are competing motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). Docket ## 13, 16. For the reasons that follow, plaintiff's motion for judgment on the pleadings (Docket # 13) is **granted**, the Commissioner's motion for judgment on the pleadings (Docket # 16) is **denied** and the case is remanded.

## Background and Procedural History

Plaintiff filed his application for SSI on October 24, 2014, alleging disability beginning on October 9, 2013. Administrative Record ("AR") at 244-52. Plaintiff's application was initially denied and plaintiff requested a hearing. See AR at 37. Plaintiff, his attorney, and a vocational expert ("the VE")

1

appeared before Administrative Law Judge ("ALJ") Connor O'Brien on January 27, 2017 for an administrative hearing. AR at 161. The ALJ issued an unfavorable decision on July 17, 2017. AR at 10-23. Plaintiff timely filed a request for review by the Appeals Council. The Appeals Council denied plaintiff's request for review on December 7, 2017, making the ALJ's decision the final decision of the Commissioner. AR at 1. Plaintiff then commenced this appeal.

## Discussion

Standard of Review: The scope of this Court's review of the ALJ's decision denying benefits to plaintiff is limited. It is not the function of the Court to determine de novo whether plaintiff is disabled. Brault v. Soc. Sec. Admin., Comm'r, 683 F.3d 443, 447 (2d Cir. 2012). Rather, so long as a review of the administrative record confirms that "there is substantial evidence supporting the Commissioner's decision," and "the Commissioner applied the correct legal standard," the Commissioner's determination should not be disturbed. Acierno v. Barnhart, 475 F.3d 77, 80–81 (2d Cir. 2007) (quoting Pollard v. Halter, 377 F.3d 183, 188 (2d Cir. 2004)). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Brault, 683 F.3d at 447-48 (internal citations and quotations omitted). "Even where the administrative record may also adequately support

2

contrary findings on particular issues, the ALJ's factual findings must be given conclusive effect so long as they are supported by substantial evidence." Genier v. Astrue, 606 F.3d 46, 49 (2d Cir. 2010) (internal quotations omitted).

The Residual Functional Capacity ("RFC") Assigned by the ALJ: For purposes of this Decision and Order, the Court assumes the parties' familiarity with the medical evidence. At Step Two of the familiar five-step sequential process used to evaluate disability claims, the ALJ found plaintiff to be suffering from the following severe impairments: asthma, lumbar degenerative disc disease, Baker's cyst on left knee, and ulnar carpal abutment bilateral wrists. AR at 12. After considering the hearing testimony, including that of the plaintiff and the VE, and analyzing the medical evidence within the record, the ALJ determined that plaintiff could perform light work, except that that plaintiff requires a "sit/stand option" that allows for changing positions every hour for up to five minutes without leaving the work station. AR at 14-15. The RFC assessment also determined that plaintiff cannot climb a rope, ladder, or scaffolds but he can occasionally balance, climb stairs, kneel and crawl. AR at 15. With his left non-dominant hand, the ALJ found plaintiff could occasionally reach, push, pull, handle and finger, and with his right dominant arm, he could frequently handle and finger. Finally, the RFC limited plaintiff to only occasional exposure to

3

extreme heat, extreme cold, wetness, and humidity, and rare exposure to airborne irritants. AR at 15.

Analysis of Plaintiff's Claims: The gist of plaintiff's claim here concerns (1) the ALJ's giving only "little weight" to certain opinions of Dr. Michael Leit, plaintiff's treating hand and orthopedic surgeon and (2) assigning only "some weight" to the opinion of Dr. Harbinder Toor, a consulting examiner who saw plaintiff at the request of the Commissioner in January 2015 for an internal medicine examination.

According to plaintiff, the "ALJ did not properly apply the treating physician rule to Dr. Leit's opinions." See Pl.'s Mem. of Law (Docket # 13) at 13. The treating physician rule, set forth in the Commissioner's regulations, "mandates that the medical opinion of a claimant's treating physician is given controlling weight if it is well supported by medical findings and not inconsistent with other substantial record evidence." Shaw v. Chater, 221 F.3d 126, 134 (2d Cir. 2000); see 20 C.F.R. § 416.927(c)(2) ("Generally, we give more weight to medical opinions from your treating sources."). Our circuit has consistently instructed that the failure to provide good reasons for not crediting the opinion of a plaintiff's treating physician is a ground for remand. See Schaal v. Apfel, 134 F.3d 496, 503-05 (2d Cir. 1998); see also Halloran v. Barnhart, 362 F.3d 28, 33 (2d Cir. 2004) ("We do not hesitate to remand when the Commissioner

4

has not provided 'good reasons' for the weight given to a treating physician[']s opinion and we will continue remanding when we encounter opinions from ALJ's that do not comprehensively set forth reasons for the weight assigned to a treating physician's opinion."); Green-Younger v. Barnhart, 335 F.3d 99, 106 (2d Cir. 2003) ("The SSA recognizes a 'treating physician' rule of deference to the views of the physician who has engaged in the primary treatment of the claimant.").

Our circuit has also been blunt on what an ALJ must do when deciding not to give controlling weight to a treating physician:

> To override the opinion of the treating physician, we have held that the ALJ must explicitly consider, inter alia: (1) the frequency, length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and, (4) whether the physician is a specialist. After considering the above factors, the ALJ must comprehensively set forth his reasons for the weight assigned to a treating physician's opinion. The failure to provide good reasons for not crediting the opinion of a claimant's treating physician is a ground for remand. The ALJ is not permitted to substitute his own expertise or view of the medical proof for the treating physician's opinion or for any competent medical opinion.

Greek v. Colvin, 802 F.3d 370, 375 (2d Cir. 2015) (emphasis added) (internal citations, quotations, and alterations omitted).

I agree with plaintiff that the ALJ did not provide good reasons for giving only limited weight to the opinions of Dr. Leit. Dr. Leit is a Board-Certified Orthopedic Surgeon who graduated

5

from Yale University School of Medicine.[1] The "frequency, length, nature, and extent of treatment" provided by Dr. Leit to plaintiff was not sporadic or occasional but was rendered over several years and included numerous appointments, examinations, and procedures, including two surgeries on plaintiff's left wrist. The first surgery, a left wrist distal ulna excision with ECU tendon transfer, occurred on September 1, 2015. AR at 1352-53. Although plaintiff tolerated the procedure well, he continued to have severe pain and frequent swelling in his left wrist. See AR at 1375.

On December 8, 2015 Dr. Leit performed a second distal ulna excision surgery on plaintiff's left wrist. AR at 1375-77. Throughout 2016 plaintiff consistently treated with Dr. Leit and sometimes reported severe pain in his wrist along with frequent swelling and tenderness. AR at 1387, 1391, 1397. Although the pain and range of motion might temporarily improve, particularly with cortisone injections, Dr. Leit's treatment notes confirm he regularly saw plaintiff for complaints of chronic pain, swelling, and tenderness, all of which were exacerbated by activity. AR at 1391, 1393-95, 1402, 1408. The medical record documenting plaintiff's wrist injury and treatment is voluminous. While plaintiff's pain may have waxed and waned, the record reflects it was chronic and persistent. The medical record also confirms Dr.

---

[1] *Healthcare Directory*, ROCHESTER HEALTH (May 14, 2019), http://www.rochesterheal th.com/healthcaredirectory/profile/6473586792/michael-e-leit-md-orthopaedic-surgery.

6

Leit's repeated advice to plaintiff after the second surgery that it was his medical opinion that plaintiff should not work. See AR at 1339 (March 14, 2016 report advising that plaintiff is unable to participate in any activities other than treatment or physical therapy); AR at 1383 (April 15, 2016 treatment note stating that "[h]e is not ready to go back to work from my standpoint."); AR at 1410 (August 29, 2016 office note stating that plaintiff "will remain off work since he cannot work with his wrist at present and he is working diligently in his rehab program."); AR at 1442 (January 30, 2017 Medical Source Statement opining that plaintiff is unable to engage in full-time competitive employment because of "chronic pain" in wrists due to "multiple injuries and surgeries."). Thus, between December 8, 2015, the date of the second surgery, and January 30, 2017, Dr. Leit rendered at least four separate opinions that plaintiff was unable to and should not work.

A fair reading of the medical record supports a finding that these opinions were consistent and well-supported by Dr. Leit's treatment records and medical testing results. Unless an ALJ is able to comprehensively set forth good reasons why the treating physician's opinion should not be given controlling weight, the ALJ should ordinarily credit the views of the doctor who has engaged in the primary treatment of the claimant. Here, the

7

reasons the ALJ gave for affording "little weight" to Dr. Leit's opinions were not good ones.

The ALJ stated that Dr. Leit's opinions were "inconsistent" with his treatment notes. Yet, of the five opinions the ALJ gave little weight to, two of them were actually part of plaintiff's treatment notes. See AR at 1383, 1410. Nor was it fair to characterize the treatment notes as inconsistent with any of these opinions. In any treatment record of this length and depth, it would not be unusual for a treating doctor to note some improvement at times. But justifying a decision to deny disability benefits by selectively highlighting treatment records that note sporadic and temporary improvement in pain levels does not create substantial evidence supporting that decision. Caternolo v. Astrue, No. 6:11-CV-6601(MAT), 2013 WL 1819264, *9 (W.D.N.Y. Apr. 29, 2013) ("[I]t is a fundamental tenet of Social Security law that an ALJ cannot pick and choose only parts of a medical opinion that support his determination.") (internal quotations omitted) (collecting cases); Searles v. Astrue, No. 09-CV-6117, 2010 WL 2998676, *4 (W.D.N.Y. July 27, 2010) ("An ALJ may not credit some of a doctor's findings while ignoring other significant deficits that the doctor identified."). This is not a case where the treating physician questioned or expressed any doubt that his patient has exertional limitations or is experiencing pain levels that preclude full-time employment. To the contrary, in both of

8

Dr. Leit's Medical Source Statements, he opines that it is plaintiff's chronic bilateral wrist pain that prevents plaintiff from working in "full-time competitive employment on a sustained basis." See AR at 1336, 1442. "[P]ain can have real and severe debilitating effects; it is, without a doubt, capable of entirely precluding a claimant from working." Fair v. Bowen, 885 F.2d 597, 601 (9th Cir. 1989). Moreover, "[t]he ALJ's duty to give reasons is especially clear where, as here, the claimant's complaints of pain are corroborated by the treating physician." Gibbons v. Heckler, 583 F. Supp. 1080, 1082 (S.D.N.Y. 1984) (citing Clifton v. Sec'y of Dep't of Health, Educ. and Welfare, 505 F. Supp. 614, 616 (W.D.N.Y. 1984)).

The ALJ also stated that she gave little weight to the opinions of Dr. Leit because his "opinions were inconsistent with Dr. Toor's exam notes." AR at 21. Yet Dr Toor's findings regarding plaintiff's wrist were actually corroborative of Dr. Leit's findings, particularly since, unlike Dr. Leit, Dr. Toor only examined plaintiff on a single occasion. AR at 415-18. After examining plaintiff, Dr. Toor found that plaintiff's left hand, wrist, and finger dexterity were "not intact," plaintiff had reduced grip strength in his left hand, and had "mild to moderate difficulty with left hand grasping, holding, writing, tying shoelaces, buttoning buttons, manipulating a coin, holding

9

objects, pushing, pulling, and lifting." AR at 417.[2] These findings were hardly "inconsistent" with those of Dr. Leit. The other reason given by the ALJ for assigning little weight to the opinion of the plaintiff's treating doctor was similarly infirm. The ALJ stated that Dr. Leit's opinion was inconsistent with the notes of Thomas Gately, a physician's assistant ("PA") who saw plaintiff during a hospital visit in April 2016. Aside from the fact that a PA is not an acceptable medical source, Gately never treated plaintiff for hand and wrist issues. AR at 1263-66.

In establishing plaintiff's RFC, the ALJ determined that plaintiff could use his left hand to "occasionally reach, push, pull, handle and finger." AR at 15. This determination is contrary to the opinion of plaintiff's treating physician (AR at 1337, 1443) and is not supported by plaintiff's testimony or even the opinion of the Commissioner's consultative examiner. Indeed, the Court had difficulty locating any opinion in the medical record that supports the RFC finding made by the ALJ regarding plaintiff's ability to use and manipulate his left hand and wrist. Accordingly, the RFC is not supported by substantial evidence and

---

[2] The ALJ only gave Dr. Toor's opinion "some weight" because his use of the terms "mild" and "moderate" in his opinion were not "well defined" and did not "specifically quantify the claimant's exertional capacity using policy defined terms." AR at 21. Dr. Toor was a consultive examiner selected and paid for by the Commissioner. Plaintiff should not be penalized because the Commissioner's expert did not utilize "policy defined terms" in expressing his opinion. On remand, the Commissioner may want to instruct their expert to render an opinion that meets their requirements of clarity and specificity.

10

remand is required. Kenning v. Berryhill, No. 6:16-CV-06778-MAT, 2017 WL 5562296, at *2 (W.D.N.Y. Nov. 20, 2017) ("[T]he ALJ's RFC finding was not supported by substantial evidence because the ALJ rejected the only medical source statement presented and, accordingly, remand is required.").

## Conclusion

For the foregoing reasons, the plaintiff's motion (Docket # 13) is **granted**, the Commissioner's motion for judgment on the pleadings (Docket # 16) is **denied**, and the case is remanded for further proceedings consistent with this Decision and Order.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: June 10, 2019
Rochester, New York